**The Bronx Defenders** — **Redefining public defense.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/2021

August 17, 2021

***VIA ECF***
Hon. Analisa Torres
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *Rosario v. Decker*, 21-cv-4815 (AT)

Dear Judge Torres,

I represent Petitioner Mr. Victor Rosario in his petition for a writ of habeas corpus filed on May 30, 2021, as well as his motions to enforce and alter or amend the Court's July 20, 2021, order granting his petition, which were filed today. We respectfully move the Court to grant leave to file three additional exhibits in support of these motions under seal, namely two documents submitted as part of the rebuttal evidence by Mr. Rosario in advance of his bond hearing on July 27, 2021 (specifically Tabs A & J), and an unredacted version of the unofficial transcript of Mr. Rosario's bond hearing. Counsel for Respondents, Joshua Kahane of the United States Attorney's Office, does not oppose the instant motion.

There is good cause to grant leave to file these exhibits under seal. First, Tab A of the rebuttal evidence exhibit, a release plan letter for Mr. Rosario by licensed master social worker Kate Johnson Powers, contains highly sensitive personal and medical information regarding Mr. Rosario. While his original habeas petition references his mental health diagnoses, this letter contains information regarding the specifics of his symptoms as well as the particular medications he has been prescribed.

This Court recognizes "medical records" as well as "treatment and diagnosis" as categories of information that should be considered for redaction. ECF Rules & Instructions 21.4 (Feb. 1, 2021 Edition). Your Honor's Rules also reflect that these categories of sensitive information may be appropriate for sealing.[1] While the habeas petition itself discloses only the ultimate medical diagnoses, this letter covers in detail his symptoms and treatment, such that the exhibit should be filed under seal and shielded from public view.

Second, Tab J of the rebuttal evidence contains information that similarly falls squarely within the category of sensitive information that, under Your Honor's rules, should be considered for redaction. *See* Individual Practices in Civil Cases (July 9, 2021) Rule IV.A.

---

[1] Individual Practices in Civil Cases (July 9, 2021) Rule IV.A ("Other information that should be treated with caution and may warrant a motion for approval of sealed or redacted filing includes: personal identifying numbers (PIN numbers); medical records, treatment and diagnosis; employment history; individual financial information; proprietary or trade secret information; home addresses; and information regarding an individual's cooperation with the government.").

Finally, with respect to the unofficial transcript of Mr. Rosario's bond hearing, the redacted portions contain information that, like the rebuttal evidence under Tab J, falls directly within a category of information identified in Your Honor's rules as warranting consideration for redaction. *See* Individual Practices in Civil Cases (July 9, 2021) Rule IV.A.

Thank you for your consideration of this submission.

Respectfully submitted,

*/s/ Zoe Levine*
Zoe Levine
THE BRONX DEFENDERS
360 East 161st Street
Bronx, New York, 10451

cc: Counsel for Respondents
    (by ECF & email)

GRANTED.  Petitioner's privacy interest in the categories of information enumerated in Rule IV.A.i of the Court's Individual Practices outweighs the public's right of access to judicial documents.

SO ORDERED.

Dated: August 19, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge